**William Donald HANCOCK, Plaintiff,**

v.

**Ray MARSHALL, Secretary, United States Department of Labor, Defendant.**

Civ. A. No. 80–0863.

United States District Court, District of Columbia.

April 9, 1980.

William Donald Hancock, pro se.

## ORDER

CHARLES R. RICHEY, District Judge.

This case is before the Court on plaintiff's motion to quash an administrative subpoena. Plaintiff's motion has been filed pursuant to the Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401–3421. This Act is designed to limit the holding in *United States v. Miller*, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976). It permits individuals to contest Government access to certain records held by banks and other financial institutions as defined by 12 U.S.C. § 3401(1), by requiring the Government authority to notify the bank customer of the subpoena or summons served on the financial institution as well as the nature of the law enforcement inquiry to which the subpoena or summons relates. 12 U.S.C.A. § 3405(2) (West Supp.1980). Within ten days of service or within fourteen days of mailing the subpoena or summons, the customer may file a motion to quash in the district court. *Id.* § 3410(a). If the customer's motion satisfies the threshold standards set forth in 12 U.S.C. § 3410(a), then the court must order the Government authority to file a sworn response. *Id.* § 3410(b). The court must complete all proceedings pertaining to the motion, including a final decision, within seven calendar days of the Government's response. *Id.*

Section 3410 of title 12, United States Code, sets forth the sole judicial remedy available to an individual who seeks to oppose disclosure of financial records to a Government authority. Subsection (a) provides that the customer's motion to quash, shall be accompanied by an affidavit stating: 1) the movant is a customer of the financial institution from which the financial records pertaining to him have been sought; and 2) the movant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry, as stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of The Right to Financial Privacy Act of 1978. Mr. Hancock's affidavit contends that the records sought by the Department of Labor are not relevant to the law enforcement inquiry stated in the notice which he received. Because the Court finds his affidavit insufficient, it will not compel a response from defendant pursuant to 12 U.S.C. § 3410(b).

According to Mr. Hancock's affidavit, the United States Department of Labor, pursuant to the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq.*, has requested his financial records from the First American National Bank in Nashville, Tennessee. The Court presumes that Mr. Hancock received valid notification, pursuant to 12 U.S.C. § 3405(2), because he has not raised any issue regarding the sufficiency of the notice issued to him. Mr. Hancock, however, has failed to share the information contained in the notice with the Court and, as a result, the Court has no knowledge of the nature of the law enforcement inquiry undertaken by defendant. With this handicap, the Court shall review plaintiff's assertion that the financial records sought are irrelevant to defendant's investigation.

Plaintiff submits that the financial records are not relevant *solely* because "The Labor Department has gone through the records of Service Employees Local 150T and made copies of material matters." The Court finds this contention insufficient: there is no reason why defendant's investigation should halt after examination of the Local's records. Plaintiff does not argue that the records at the bank are identical to those maintained by the Local or that the bank records are totally unrelated to anything kept by the Local. Indeed, the Court is left guessing as to why a review of the Local's records should render a review of the bank's records irrelevant. Section 3410(a) was not designed to compel a response by the defendant under such circum-

stances. The relevant legislative history is clear in its intention to require adjudication of a customer's motion only when his affidavit presents a *prima facie* case of impropriety. The House Report accompanying the Right to Financial Privacy Act of 1978 states that the customer's affidavit must show "a factual basis for concluding that there is no reason to believe the financial records [which] are being sought contain information relevant to a legitimate law enforcement purpose." H.R.Rep.No. 1383, 95th Cong., 2d Sess. 53 (1978) U.S.Code Cong. & Admin.News 1978, pp. 9273, 9325. The report continues:

> [A]ll customers need do is make "an initial showing that access may be improper . . . ." This section does not require a detailed evidentiary showing or require that the customer prove there is no legitimate law enforcement purpose for the government's attempt to obtain his records. However, it does require the customer to state facts to support his position. For example, he may state that to the best of his knowledge and belief he has no connection to the matters under investigation; he has not committed an offense related to the investigation; or that he is the subject of harassment as shown by prior unsuccessful attempts to obtain his records.

*Id.* at 53–54, U.S.Code Cong. & Admin. News 1978, p. 9325. Significantly, all of these examples are marked by a characteristic which is lacking in plaintiff's affidavit: one may infer from each of them that the request for bank records is unwarranted. The inference is not permissible from plaintiff's affidavit because he fails to explain why a search of the Local's records should preclude a search of the bank records. Of course, the explanation for this conclusion is also not clear from the face of the affidavit. As a result, the Court finds that plaintiff has failed to show a factual basis for concluding that there is no reason to believe that the financial records being sought by the Department of Labor contain information relevant to a legitimate law enforcement purpose.

Mr. Hancock also objects to the release of the financial records on the ground that "Consent might tend to deprive me of rights I have under the U.S. Constitution." This allegation does not provide a basis for relief under the Right to Financial Privacy Act of 1978. The Act's remedial scope is limited to instances of non-compliance with its terms or requests for information not relevant to a legitimate law enforcement inquiry. 12 U.S.C.A. § 3410(a)(1) (West Supp.1980). Thus, the defendant may not be compelled to respond to this part of the motion.

Accordingly, the Court finds plaintiff's affidavit insufficient under 12 U.S.C. § 3410(a)(2) and holds that the defendant need not respond pursuant to 12 U.S.C. § 3410(b).

Upon consideration of the entire record herein, it is, by the Court, this 9th day of April, 1980

ORDERED that plaintiff's motion to quash an administrative subpoena be, and the same hereby is, denied, and it is

FURTHER ORDERED that plaintiff's complaint and his entire case shall be, and the same hereby is, dismissed.