**Morris RUGGLES**

v.

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION.**

**C.A. No. H–83–2888.**

United States District Court, S.D. Texas, Houston Division.

June 1, 1983.

David M. Berrett, Ballard, Spahr, Andres & Ingersoll, Denver, Colo., for plaintiff.

Linda D. Fienberg, Washington, D.C., and Marianne K. Tomecek, Houston, Tex., for defendant.

## ORDER

CARL O. BUE, Jr., District Judge.

Morris Ruggles has moved this Court for an order pursuant to the Right to Financial Privacy Act to quash five subpoenae issued by the United States Securities and Exchange Commission. These subpoenae were issued to five banks located in Houston, Texas, where Movant Ruggles has done business, and they are challenged on two grounds: that the SEC has failed to comply with the provisions of the Right to Financial Privacy Act and that the information sought is irrelevant. For the reasons stated herein, the Court is of the opinion that the said motion should be denied.

■ Ruggles asserts that the notice sent to him does not set forth with sufficient specificity the nature of the law enforcement inquiry as required by 12 U.S.C. § 3405(2). However, after examining a copy of the customer notice attached to the motion to quash, the Court concludes that the notice does satisfy the statutory requirements as explained in *Hunt v. SEC,* 520 F.Supp. 580, 603 (N.D.Tex.1981):

> Section 3405 also requires that the customer notice must state with "reasonable specificity" the nature of the law enforcement inquiry .... In the context of the instant case the logical means by which the SEC could have satisfied this requirement would have been a reference to the Amended Order of Investigation in the notice, together with a listing of the specific statutes ... in question.

The customer notice to Ruggles refers to the formal order of investigation entered by the Commission, and it lists the statutes in question. Additionally, the notice states that attached thereto is the subpoena. And, finally, the Commission avers that it had provided Ruggles with a copy of the order on two occasions prior to sending the notice and that Ruggles had been questioned previously by the SEC on this very matter. Accordingly, the Court determines that the customer notice to Ruggles contained the requisite specificity and that he was well aware of the nature of the inquiry.

■ As the basis for his argument of irrelevance, Ruggles claims that he has already provided banking and trading records to the Commission and that his personal records will not provide relevant information beyond that which has been heretofore provided. A similar defense was asserted

in *Hancock v. Marshall,* 86 F.R.D. 209 (D.D. C.1980). The movant opposed the subpoena issued by the Department of Labor on the grounds that it had already secured copies of the requested records from the local union. The district court denied the motion and held that the movant failed to adequately show a factual basis for his position. As to the scope of an agency's authority, the Supreme Court has likened the investigative powers given by statute to an administrative agency to those of the Grand Jury. *United States v. Morton Salt Co.,* 338 U.S. 632, 642–43, 70 S.Ct. 357, 363–64, 94 L.Ed. 401 (1950). The Securities and Exchange Act empowers the Commission to subpoena any records which it deems relevant, and the courts are to permit inquiries to whatever extent is necessary to make effective this power of investigation. *SEC v. Arthur Young & Co.,* 584 F.2d 1018, 1030 (D.C.Cir.1978). An agency's subpoena requests are to be measured against the general purposes of its investigation. *FTC v. Texaco, Inc.,* 555 F.2d 862, 874 (D.C.Cir.), *cert. denied,* 431 U.S. 974, 97 S.Ct. 2939, 53 L.Ed.2d 1072 (1977).

The fact that Ruggles has previously produced certain documents pursuant to an earlier subpoena does not provide a basis for quashing the pending subpoena to the banks. After examining the subpoena in the context of the facts presented by both parties, the Court concludes that the information sought is relevant and that the second argument by Ruggles must be rejected.

Consequently, as both grounds urged in the motion to quash are meritless, the Court hereby denies the said motion.